Appellant, Carey L. Myres, appeals the Trumbull County Court of Common Pleas judgment entry overruling her motion for prejudgment interest.
Appellant, who is the administrator of the estate of Ethel Myres, deceased, filed a wrongful death action against appellee, Gary W. Stucke, D.O., and Trumbull Memorial Hospital ("Trumbull Memorial") in the Trumbull County Court of Common Pleas on August 8, 1996. Appellee was an Ohio licensed medical physician and an employee and officer of a professional association incorporated in the state of Ohio. Appellee provided treatment for Ethel Myres, who was a patient at Trumbull Memorial from approximately July 26, 1994, through August 9, 1994. On August 11, 1994, Ethel Myres died at the age of eighty-one from gastrointestinal bleeding. Appellant's complaint alleged that appellee and employees of Trumbull Memorial failed to properly treat Ethel Myres' gastrointestinal bleeding.
A jury trial commenced on appellant's complaint on March 23, 1998. On April 1, 1998, the jury returned a verdict in favor of appellant, and against appellee and Trumbull Memorial jointly and severally, in the amount of $250,000. The jury found, in response to written interrogatories, that appellee was ten percent negligent and Trumbull Memorial was ninety percent negligent. Judgment was entered on the verdict on April 7, 1998, and appellee and Trumbull Memorial were declared jointly and severally liable in the amount of $250,000, plus costs.
After the verdict was rendered in his favor, appellant filed a motion for prejudgment interest, dated April 9, 1998. In that motion, appellant alleged that appellee failed to make a good faith effort to settle the case. A hearing on appellant's motion was conducted by the trial judge on May 20, 1998. In a judgment entry dated July 15, 1998, the trial court concluded that the discovery process was completed with full cooperation by both parties, the proceedings occurred without any unnecessary delays, and appellant properly evaluated the case and made a good faith effort to settle. Conversely, the court held that appellee failed to properly evaluate his risks and potential liability. The trial court also stated that appellee made a monetary settlement offer of $25,000 one-half hour before trial commenced; but, the facts show that appellant did not complete discovery until March 20, 1998, which was only three days before trial was set to begin.
The trial court further reasoned that it could not conclude that appellee failed to settle in good faith due to the jury's verdict that appellant only was ten percent negligent, despite the fact that he was informed by his attorney, insurance carrier, and an additional expert that he was subject to liability, and that all parties considered him as the target defendant in the action. The court further wrote that, "[h]ad the [j]ury returned a verdict in reverse (as all parties had anticipated), and [appellee] was 90% negligent, the [c]ourt could logically find failure of good faith based upon the evidence." Consequently, the court determined that appellee, "who declined to follow advise of counsel nor attempt any settlement pursuant to Moskovitz, is safeguarded by a fortuitous jury finding allocating liability." (Emphasis sic.) Therefore, appellant's motion for prejudgment interest was overruled.
Appellant timely filed a notice of appeal and now asserts the following as error:
 "The trial court erred to the prejudice of [p]laintiff-[a]ppellant by failing to award prejudgment interest pursuant to [R.C.] 1343.03(C) despite its findings that [appellee] failed to make a good faith effort to settle this case and [that appellant] did not fail to make a good faith effort to settle this case."
In advancing his assignment of error, appellant avers that the trial court committed an abuse of discretion by failing to award him prejudgment interest on the jury verdict of $250,000. Appellant claims that the lower court found that he properly evaluated his case and made a good faith effort to settle the matter, while appellee was unreasonable in refusing to grant consent to settle until one-half hour before the commencement of trial and failed to properly evaluate his case. Thus, appellant argues that the trial court's refusal to grant prejudgment interest was an abuse of discretion, because it was based solely on the fact that the jury verdict was in accord with appellee's last minute settlement offer.
In Moskovitz v. Mt. Sinai Med. Ctr. (1994), 69 Ohio St.3d 638,658, the Supreme Court of Ohio articulated the standard to be applied in awarding prejudgment interest under R.C. 1343.03(C):
 "First, a party seeking interest must petition the court. * * * [A]nd in no event later than fourteen days after entry of judgment. * * * Second, the trial court must hold a hearing on the motion. Third, to award prejudgment interest, the court must find that the party required to pay the judgment failed to make a good faith effort to settle and, fourth, the court must find that the party to whom the judgment is to be paid did not fail to make a good faith effort to settle the case."
The court further stated that "if a party meets the four requirements of the statute, the decision to allow or not allow prejudgment interest is not discretionary. What is discretionary with the trial court is the determination of lack of good faith."Moskovitz, 69 Ohio St.3d at 658. In Kalain v. Smith
(1986), 25 Ohio St.3d 157, syllabus, the court set forth the standard to be applied in determining whether a party used "good faith":
 "A party has not `failed to make a good faith effort to settle' under R.C. 1343.03(C) if he has (1) fully cooperated in discovery proceedings, (2) rationally evaluated his risks and potential liability, (3) not attempted to unnecessarily delay any of the proceedings, and (4) made a good faith monetary settlement offer or responded in good faith to an offer from the other party. If a party has a good faith, objectively reasonable belief that he has no liability, he need not make a monetary settlement offer."
Moreover, R.C. 1343.03(C) requires all parties to make an honest effort to settle a case; thus, a party may have failed to make a good faith settlement effort even though he has not acted in bad faith.Kalain, 25 Ohio St.3d at 159.
In regard to the issue of good faith being measured by the closeness of a party's settlement offer with the amount awarded by a verdict, the Eight District Court of Appeals held the following:
 "If the legislature intended to allow prejudgment interest whenever the verdict exceeded or approximated the plaintiff's settlement offer, the statute would so state. At most, the proximity of one party's settlement offer to the ultimate verdict is conceivably some circumstantial evidence of the reasonableness of that party's evaluation. It falls far short of demonstrating that such party made a good faith effort to settle or that the adverse party failed to do so." Black v. Bell (1984), 20 Ohio App.3d 84, 88.
In Loder v. Burger (1996), 113 Ohio App.3d 669,675-676, this court expressly adopted the standard in Bell and further underscored the point that the proximity of the verdict to either party's settlement offer, at best, supplies circumstantial evidence that a particular party did or did not make a good faith effort to settle. In that case, we affirmed the trial court's conclusion that Allstate insurance had failed to make a good faith effort to settle, not on the basis that the settlement offer by Allstate was nearly one-half of the amount awarded by the jury verdict, but because: (1) the appellees had made numerous attempts to negotiate by incrementally reducing its settlement demand from $500,000 to $100,000; (2) Allstate consistently refused to settle, and did not offer until twenty-three months after the incident giving rise to liability; and (3) Allstate's settlement offer of $65,000 was not based upon any independent advice and, thus, constituted a failure to rationally evaluate the claim. Id. at 676-677.
In Burger, 113 Ohio App.3d at 672, this court also concluded that a settlement offer proposed on January 9, 1995, when the statute of limitations for the filing of the other party's claim ended on February 16, 1995, was made too close to the deadline to allow careful consideration or further negotiation, and violated the requirement of R.C. 1343.03(C) that parties make determined efforts to settle a case before litigation begins.
In the instant matter, the trial court's final judgment entry shows that the first, second, and fourth prongs of the Moskovitz
test were found to be satisfied. Indeed, appellant timely petitioned the court for prejudgment interest, a hearing was held on the petition on May 20, 1998, and the court expressly stated that appellant properly evaluated the case and made a good faith effort to settle.
Regarding the third prong of Moskovitz, the trial court held that it could not conclude that appellee did not make a good faith effort to settle since the jury verdict resulted in an award of $250,000 and an assessment that appellee was ten percent negligent, which approximated his $25,000 settlement offer. The court came to its decision despite the fact that appellee had failed the second prong of the Kalain good-faith test by virtue of the fact that the court determined that he had not properly evaluated his risks and potential liability. The trial court also arrived at its conclusion even though appellee did not make any settlement offer until only one-half hour before the trial was set to commence. Consequently, the trial court held that appellee, who deferred to follow the advice of his counsel, insurance carriers, and an expert, was safeguarded from paying prejudgment interest by a fortuitous jury verdict.
However, despite the fact that appellee failed to advance a settlement offer until only one-half hour before trial was set to commence, the facts of this case must be distinguished from those of Burger. In Burger, the offer to settle was made over one month before the statute of limitations was set to expire, but discovery had been completed prior to that time. In the instant matter, appellee's settlement offer was proffered only one-half hour before trial, but appellee had completed discovery only three days earlier. Therefore, we cannot conclude, on the facts of this case, that the trial court abused its discretion in deciding that appellee's last minute settlement offer was not a controlling factor in determining whether he had made a good faith effort to settle.
Yet, in reviewing the trial court's judgment entry and other facts of this case, we conclude that the court, indeed, committed an abuse of discretion by precluding an award of prejudgment interest in appellant's favor based upon the rationale it applied. We arrive at this view by recognizing that the trial court, in its July 15, 1998 judgment entry, determined that appellee failed to properly evaluate his risks and potential liability, thus showing that the trial court found that the second prong of the Kalain
good-faith test was not satisfied.
Again, under Moskovitz, a trial court must allow prejudgment interest if each element of the test is established. The trial court's final judgment entry unequivocally shows that the first, second, and fourth elements are met. Accordingly, appellant must be afforded prejudgment interest if the trial court found that appellee failed to make a good faith effort to settle, which is the factor tested under the third prong. To determine whether a party has made a good faith effort to settle, Moskovitz commands Ohio courts to determine if each of the four elements of theKalain good-faith test are satisfied. If one or more of those elements are not met, then a party has failed to make a good faith effort to settle. In that regard, the trial court expressly found that appellee did not properly evaluate his risks and potential liability. Thus, the court, by its own terms, concluded that the second prong of the Kalain good-faith test was not fulfilled.
Although the second prong of the Kalain good-faith test was not met according to the trial court, the court then erroneously emphasized the importance of the proximity of the actual jury verdict with appellee's settlement offer in relation to the jury's answer to the interrogatory, in which it specifically determined that appellee was ten percent negligent. Thus, the trial court subsequently determined that appellee was "safeguarded by a fortuitous jury finding allocating liability." In Loder, which followed the holding of Bell, this court underscored the point that the proximity of the verdict to either party's settlement offer falls far short of demonstrating that the party made a good faith effort to settle, and should be afforded, at best, circumstantial evidence that the party made a good faith settlement effort.
Hence, the proximity of the jury's verdict and the amount of appellee's negligence (ten percent) to his settlement offer does not work to supplant the trial court's finding that appellee failed to properly evaluate his risks and potential liability. Consequently, the trial court's finding that he failed to properly evaluate his risks and potential liability and its conclusion of non-liability for prejudgment interest is disharmonious.
For the foregoing reasons, appellant's assignment of error is well-taken, and the judgment of the Trumbull County Court of Common Pleas is reversed and remanded for proceedings consistent with this opinion.
 ________________________________ PRESIDING JUDGE DONALD R. FORD
CHRISTLEY, J., O'NEILL J., concur.